IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JOYCE A. COOPER                                                                    PLAINTIFF

v.                                                               CIVIL ACTION NO. 1:07CV246-SAA

MICHAEL J. ASTRUE, COMMISSIONER OF
SOCIAL SECURITY                                                                    DEFENDANT

## MEMORANDUM OPINION

This case involves an application pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff Joyce Cooper for disability benefits under Title II and for supplemental security income under Title XVI the Social Security Act. The applications were denied initially and on reconsideration. After an administrative hearing on August 23, 2003, an ALJ issued an unfavorable decision dated September 8, 2008. That decision was properly appealed to this court and on March 31, 2006, this court issued an order remanding the case for further assessment of relevant medical opinions (Tr. 251 - 270). The ALJ held a second hearing was held on May 4, 2007, and issued a second decision (Tr. 229 - 231) in which he found that the plaintiff was not disabled from her alleged onset date of July 1994 until July 2001, but that she was disabled after July 2001. (Tr. 236 - 241). It is the second decision that is currently on appeal.

In accordance with the provisions of 28 U.S.C. § 636(c) both parties consented to have a United States Magistrate Judge conduct all proceedings in this case, including an order for final judgment. Therefore, the undersigned has authority to issue this opinion and the accompanying final judgment.

## I.  FACTUAL AND PROCEDURAL HISTORY

The plaintiff, Joyce A. Cooper, was born on May 7, 1946. She earned her GED, and attended a year of school to become a nurse. Her past relevant work was as a licensed practical nurse and a garment worker. At the time of the second hearing the plaintiff was 60 years old, which is considered to be of "advanced age" under the Social Security Act. *See* 20 CFR §§ 404.1563 and 416.963. She filed her current applications for disability insurance benefits and supplemental social security income on July 30, 2001, alleging an onset of disability beginning July 1994 due to problems with her hands, feet, back, and hips. The Social Security Administration denied her applications both initially and on reconsideration. The second unfavorable decision – determining that the plaintiff was not disabled from her alleged onset date of July 1994 until July 2001, but that she was disabled after July 2001 (Tr. 236 - 241) – is currently before this court.

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1] The burden rests upon the plaintiff throughout the first four steps of this five-step process to prove disability, and if the plaintiff is successful in sustaining her burden at each of the first four levels then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove she is not currently engaged in substantial gainful activity.[3] Second, the plaintiff must prove her impairment is "severe" in that it "significantly limits her physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude the plaintiff

---

[1] *See* 20 C.F.R. §§ 404.1520, 416.920 (1998).

[2] *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991).

[3] 20 C.F.R. §§ 404.1520(b), 416.920(b) (1998).

[4] 20 C.F.R. §§ 404.1520(c), 416.920(c) (1998).

is disabled if she proves that her impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.02 (1998).[5] Fourth, the plaintiff bears the burden of proving she is incapable of meeting the physical and mental demands of her past relevant work.[6] If the plaintiff is successful at all four of the preceding steps the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that she is capable of performing other work.[7] If the Commissioner proves other work exists which the plaintiff can perform, the plaintiff is given the chance to prove that she cannot, in fact, perform that work.[8]

The ALJ found that the plaintiff had no medically determinable impairment before December 1999, but that she suffered from a severe impairment or combination of impairments including severe osteoarthritis of the DIP joints of the fingers and mild instability of the left knee with bilateral knee crepitus, bronchitis and pain in various joints and her back. (Tr. 239, Finding No. 4). The ALJ found the impairments did not meet or equal a Listing under 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 239). The ALJ concluded that beginning on July 30, 2001 the plaintiff retained the residual functional capacity to lift and carry no more than 10 pounds occasionally and items such as docket files, ledgers and small tools frequently; to stand and walk no more than two hours in a normal day and to sit for a majority of an 8-hour workday (Tr. 239),

---

[5] 20 C.F.R. §§ 404.1520(d), 416.920(d) (1998). If a claimant's impairment meets certain criteria, that claimant's impairments are of such severity that they would prevent any person from performing substantial gainful activity. 20 C.F.R. §§ 404.1525, 416.925 (1998).

[6] 20 C.F.R. §§ 404.1520(e), 416.920(e) (1998).

[7] 20 C.F.R §§ 404.1520(f)(1), 416.920(f)(1) (1998).

[8] *Muse*, 925 F.2d at 789.

that she could push and pull consistent with sedentary exertion and could perform postural activities such as bending, stooping, kneeling, crouching and crawling consistent with sedentary exertion. *Id.* The ALJ concluded the plaintiff was disabled under the meaning of the Act and entitled to Social Security benefits as of July 31, 2001, but not before. (Tr. 241, Finding Nos. 11 & 12). The ALJ cited the lack of medical records to support finding of a disability before that date. (Tr. 240). However, during the hearing the ALJ granted plaintiff's counsel thirty days to obtain additional medical evidence from Dr. Cole with Good Samaritan Health Services so that the ALJ could assess her condition before 2001, specifically as of her alleged onset date of December 1999. (Tr. 463- 465).

Dr. Cole completed a medical source statement on April 6, 2007, in which he stated that as of April 6, 2007, the plaintiff could lift twenty pounds frequently; stand and walk at least two hours in an eight-hour workday; sit for less than about six hours in an eight-hour workday and that she could occasionally climb, balance or kneel but that she could frequently use her fingers. (Tr. 396 - 398). His opinion further stated that the plaintiff could tolerate only limited exposure to temperature extremes, hazards such as machinery or heights and humidity. (Tr. 399). This MSS form was included in the record, but is not referenced at all by the ALJ.

The plaintiff argues that the ALJ's decision is not supported by substantial evidence because it fails to take into consideration Dr. Cole's MSS form which states his opinion as to plaintiff's RFC as requested by the ALJ at the hearing. The defendant responds that there was no need for the ALJ to consider Dr. Cole's assessment because Dr. Cole was not plaintiff's treating physician, because his assessment of the plaintiff's RFC was similar to the ALJ's assessment of the plaintiff's RFC for the same relevant time period, and because the MSS form

would not alter or otherwise substantially change the general medical findings contained in the few medical records surrounding the time period in issue.

## II. STANDARD OF REVIEW

This court's review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and whether the ALJ applied the correct legal standards. 42 U.S.C. § 405(g); *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401 (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)). The Fifth Circuit has further held that substantial evidence

> must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'

*Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, the court must affirm the decision even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court may not re-weigh the evidence, try the case de novo, or substitute its own judgment for that of the Commissioner. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988), even if it finds that the evidence preponderates against the Commissioner's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell*, 862 F.2d at 475. If the Commissioner's decision is supported by the evidence, then it is conclusive and must be upheld. *Paul v. Shalala*, 29 F.3d 208, 210 (5th

Cir. 1994).

## III. DISCUSSION

Even though the court appreciates the government's position that the medical source statement from a non-treating physician that is similar to the findings already in the record and consistent with the ALJ's assessment of the plaintiff would not affect the outcome or the ALJ's partially favorable decision in this case, the fact is that the ALJ's decision simply does not mention Dr. Cole's Medical Source Statement. The transcript of the March 14, 2007 hearing before Judge Winston clearly indicates his interest and willingness to review additional medical records or a Medical Source Statement form from Dr. Cole. (Tr. 464). The fact that there is absolutely no indication whatsoever in the decision that Judge Winston actually reviewed the MSS form warrants remand. Although it may not ultimately change the Commissioner's decision in this case, the ALJ who granted leave to submit the form should be given the opportunity to state his conclusions regarding its contents and their effect on his decision. However, remand should be limited to this specific issue and does not open the entire case or record for additional review. Because the court remands this action to the ALJ for further consideration, it is not necessary to address the merits of the plaintiff's remaining arguments.

## CONCLUSION

In accordance with this memorandum opinion, a final judgment shall be issued this day.

This, the 6th day of October, 2008.

/s/ S. ALLAN ALEXANDER
UNITED STATES MAGISTRATE JUDGE